IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

In re:                                            )
                                                  )
**MICHELLE LEE DIXON**             )       Case No.      11-62068-ABF7
                                                  )
             Debtor           )

MOTION FOR TEMPORARY RESTRAINING ORDER
TO RESTRAIN STUDENT LOAN LENDERS/CREDITORS
FROM PURSUING COLLECTION OF THE STUDENT LOANS
WHILE THIS CASE IS OPEN AND THE STUDENT LOAN ADVERSARY
CASE IS PENDING

**COMES NOW** Michelle Lee Dixon, the Debtor named above, by and through her attorneys Krigel & Krigel, P.C., and moves the Court for a temporary restraining order to restrain the student loan lenders/creditors from pursuing collection of her student loans while this case is open and while the student loan adversary action is pending. In support of this Motion, the Debtor states as follows:

1. The Debtor filed her petition for relief under Chapter 7 on September 22, 2011. The Debtor received her discharge on December 29, 2011 and the case was closed on December 29, 2011. The case was recently re-opened on April 2, 2014.

2. In her Schedule F, the Debtor identified various student loans owed to ACS, AES, MOHELA and Sallie Mae, totaling over $200,000. While the Debtor received a discharge of her other debts, she did not receive a discharge of the student loan debts pursuant to 11 USC Section 523(a)(8). The undersigned has not been able to verify the exact extent of her student loan debts.

3. Since the discharge and the closure of her case, the Debtor's income and financial circumstances have not changed or have actually worsened.

4. The Debtor has not been able to pay her student loan debts and at least one company, who has taken an assignment of a student loan debt, has filed a lawsuit against her to collect that debt. That case is presently pending in the Circuit Court of Greene County, Missouri.

5. The Debtor filed a motion to re-open her bankruptcy case to allow her to file an adversary action to decide if her student loans are an undue hardship on her and her dependents.

6. The Debtor, pursuant to 11 U.S.C. Section 105 respectfully requests that the Court issue a temporary restraining order which would restrain all student loan lenders or creditors from

pursuing collection of the student loan debts while this case is re-opened and while the adversary action is pending.

7.  The Eighth Circuit has held that Section 105 of the Bankruptcy Code gives bankruptcy courts "broad powers to implement the provision of the bankruptcy code and to prevent an abuse of the bankruptcy process". See *In Re Clark*, 223 F.3d 859 (8th Cir. 2000). In addition, bankruptcy courts have the authority to issue permanent injunctive relief. *See Webb v. Carlton Farms, LLC*, 474 B.R. 891 (Bkrtcy.E.D. Ark. 2012).

8.  The Debtor is without resources to defend the state court action that is presently pending while at the same time prosecute the adversary action to determine the discharge of the student loan debt presumably owed to EDUCAP, Inc. This Court should weigh three factors in making a determination of granting a temporary restraining order. The Debtor asserts that in weighing the three factors of (1) the threat of irreparable harm to the moving party, (2) the balance of harm between this harm and the harm suffered by the nonmoving party, and (3) the public interest, this Court would clearly find that the Debtor would suffer irreparable harm by the taking of a judgment and the issuance of garnishments or levies while her adversary action is pending.

EDUCAP, Inc., the creditor who has sued the Debtor, would merely be stayed from pursuing its claim while the adversary case is pending. Should Debtor be unable to convince this Court that the student loans are an undue hardship on her and her dependents, the temporary restraining order would be dissolved and the creditor could once again pursue its claim without harm to that creditor.

**WHEREFORE**, the Debtor respectfully moves this Court for an Order to issue a temporary restraining order to restrain the student loan lenders/creditors from pursuing collection of her student loans while this case is open and while the student loan adversary action is pending. and for such other and further relief as the Court deems just and proper.

*Respectfully submitted,*

/s/ Erlene W. Krigel
**ERLENE W. KRIGEL No. 29416**
Krigel & Krigel, P.C.
4550 Belleview
Kansas City, Missouri 64111
Telephone: 816/756-5800
ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

I, Erlene W. Krigel, hereby certify that on this 2nd day of April, 2014, the above and foregoing MOTION was electronically filed with the Clerk of the United States Bankruptcy Court for the Western District of Missouri and notice of this filing was served upon parties of interest by electronic and with a true and correct copy of the MOTION being served by United States Mail, postage prepaid and properly addressed to:

Office of the United States Trustee
Charles Evans Whittaker
United States Courthouse
400 East 9th Street, Suite 3440
Kansas City, Missouri 64106

Wally Pankowski, Esq.
211 N. Broadway Suite 2500
St. Louis, MO 63102
ATTORNEYS FOR EDUCAP, INC.

Dept. of Educatioin, Office of the General Counsel
400 Washington Avenue SW
Room 6E353
Washington DC 20202-2110

MOHELA
633 Spirit Drive
Chesterfield MO 63005-1243

ACS
PO Box 7051
Utica, NY 13504-7051

ACS
PO Box 7060
Utica, NY 13504-7060

American Education Services
PO Box 2461
Harrisburg PA 17105-2461

Sallie Mae, Inc.
220 Lasley Avenue
Wilkes Barre, PA 18706

　　　　　　　　　　　　　　　/s/ Erlene W. Krigel
　　　　　　　　　　　　　　**Erlene W. Krigel**