IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

IN RE:                              )
                                    )
MICHELE LEE DIXON,                  )   Case No. 11-62068
                                    )
           Debtor.                  )

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER

Michele Lee Dixon requests a temporary restraining order restraining her student loan lender from proceeding with a state court collection action against her while she files an adversary proceeding seeking to discharge the student loans. For the reasons stated at the hearing held on April 17, 2014, as supplemented by those that follow, the Motion for Temporary Restraining Order is DENIED.

Ms. Dixon filed a Chapter 7 bankruptcy petition on September 22, 2011. She received her discharge on December 29, 2011 and the case was closed that same day. At the Debtor's request, this case was reopened on April 2, 2014, so that she could file an adversary proceeding seeking to discharge her student loans as an undue hardship pursuant to 11 U.S.C. § 523(a)(8).

Meanwhile, at least one of the Debtor's student loan lenders has filed a lawsuit against her to collect its debt, and that case is currently pending in the Circuit Court of Greene County, Missouri. Although not mentioned in the Motion for Temporary Restraining Order, the Debtor's bankruptcy schedules listed one Mary Dixon as a co-obligor on the student loans. In response to the Court's inquiry on that issue at the hearing on the instant Motion, Debtor's counsel stated that Mary Dixon is the Debtor's mother and that she is also named as a defendant in the state court action.

Here, the Debtor requests a temporary restraining order restraining the student loan lender from proceeding with the state court litigation. The granting of an injunction is an extraordinary remedy and the burden of establishing the propriety of such an injunction is on the movant.[1] To obtain a temporary restraining order, the Court should consider: (1) the likelihood of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm the relief would cause to the other litigants; and (4) the public interest.[2] The Eighth Circuit has said that likelihood of success on the merits is the most important factor for the Court to consider.[3]

In the Eighth Circuit, discharging student loans as an undue hardship is not easy. Courts in this Circuit are to examine the totality of a debtor's circumstances for the purpose of determining undue hardship.[4] Three areas of inquiry are relevant to the totality of the circumstances: "(1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and her dependents' reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case."[5] A significant, albeit not determinative, factor in the analysis is the availability of Income Based Repayment programs.[6]

---

[1] *In re TMS Equip., LLC*, 2011 WL 2533041 at *2 (Bankr. D. Neb. June 24, 2011) (quoting *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).

[2] *Id.*, (citing *Watkins, Inc. v. Lewis*, 346 F.3d at 844). *See also Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981).

[3] *Shrink Missouri Gov't PAC v. Adams*, 151 F.3d 763, 764 (8th Cir. 1998).

[4] *See Long v. Educ. Credit Mgmt. Corp.* (*In re Long*), 322 F.3d 549 (8th Cir.2003).

[5] *Id.* at 554.

[6] *In re Lee*, 352 B.R. 91, 95-96 (B.A.P. 8th Cir. 2006).

Here, the Debtor's Motion said nothing about the need to consider the likelihood of succeeding on the merits under the standard for undue hardship in this Circuit. Rather, the Debtor stated generally in her Motion that "[s]ince the discharge and the closure of her case, the Debtor's income and financial circumstances have not changed or have actually worsened." At the hearing, counsel explained that this was due to health issues, but the Debtor offered no evidence on the Debtor's health or financial situation. In addition, counsel said generally that the Debtor had discussed an IBR plan with the lenders, but was rejected. Again, however, there was no evidence of that. In sum, the Debtor failed to demonstrate that she is likely to succeed on the merits of proving undue hardship under the standard in this Circuit.

Finally, it is significant that, although the Motion did not even mention the Debtor's co-obligor mother, counsel clarified at the hearing that the Debtor seeks to enjoin the state court litigation against the Debtor's mother, who is not a debtor in bankruptcy, as well.

For the foregoing reasons, the Court finds that, while the Debtor is free to file her adversary proceeding seeking to discharge her student loans, she has not demonstrated that she is entitled to the extraordinary remedy of a temporary restraining order prohibiting the student loan lenders from proceeding with the state court litigation.

ACCORDINGLY, the Debtor's Motion for Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

Dated: 4/17/2014

/s/ Arthur B. Federman
Chief Bankruptcy Judge